# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EXPERIENT INC., ) <br> a Missouri Corporation ) <br> ) <br> Plaintiff, ) <br> ) CASE NO. <br> v. ) <br> ) <br> EXPERIENT, LLC, ) <br> an Illinois Limited Liability Company ) **JURY TRIAL DEMANDED** <br> ) <br> Defendant. ) | |

## COMPLAINT FOR REVIEW OF A DECISION OF THE
## TRADEMARK TRIAL AND APPEAL BOARD UNDER 15 U.S.C. § 1071(b)

Plaintiff Experient Inc., for its Complaint for Review of a Decision of the Trademark Trial and Appeal Board ("TTAB"), hereby states as follows:

## NATURE OF THE ACTION

1. This is an appeal from a final decision of the TTAB of the United States Patent and Trademark Office ("USPTO") under 15 U.S.C. § 1071(b).

2. Defendant Experient, LLC ("Defendant") opposed Experient Inc.'s application to register the mark EXPERIENT in *Experient, LLC v. Experient Inc.*, Opposition No. 91190253 to Application Serial No. 78923769 ("Opposition").

3. On March 31, 2014, the TTAB sustained Defendant's opposition, refused to register the EXPERIENT mark, and denied Experient Inc.'s motion to amend the description of services in its application as moot.

4. Under 15 U.S.C. § 1071(b), a party dissatisfied with the decision of the TTAB "may have remedy by a civil action."

5. In reviewing the TTAB's decision under 15 U.S.C. § 1071(b), this Court "may adjudge that [Experient Inc.] is entitled to registration upon the application involved . . . or such other matter as the issues in the proceedings require, as the facts in the case may appear."

## THE PARTIES

6. Experient Inc. is a corporation duly organized and existing under the laws of the State of Missouri with its principal place of business at 2500 Enterprise Parkway East, Twinsburg, Ohio 44087.

7. On information and belief, Defendant is an Illinois limited liability company with its principal place of business at 1770 W. Berteau Ave., Suite 501, Chicago, Illinois 60613.

## JURISDICTION AND VENUE

8. This action arises under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121(a).

10. This Court has personal jurisdiction over Defendant because Defendant is a company organized under the laws of Illinois, resides in Illinois, and does business in Illinois.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that Defendant resides in Illinois, and because Defendant is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### Experient Inc.

12. In 2005 Conferon Global Services, Inc. ("Conferon"), decided to merge its three divisions—ExpoExchange, International Travel Services, and Conferon—under a single name: Experient. On August 29, 2006, after significant due diligence, Conferon rolled out the

Experient name. Conferon announced its new Experient brand in multiple trade publications and launched a new website.

13. On July 6, 2006, over one month before launching the new Experient name, Conferon filed an intent-to-use application with the USPTO for the word mark EXPERIENT for the following services:

> **Class 35** − Providing a full range of meeting, convention, exhibition, seminar, event, tradeshow, and conference services, namely, marketing and promotion of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences, registration services for meeting attendees and exhibitors, identification of suitable meeting and event venues, logistics management in the field of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences, food and beverage management in the nature of registering, screening, credentialing, and organizing third-party vendors, suppliers, and contractors, documentation and information on behalf of others for meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences, speaker management in the nature of registering, screening, credentialing, and organizing third-party speakers on behalf of others for meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences, online registration services for others in the tradeshow and exposition management field for on-line attendee registration and payment and on-line exhibitor booth selection and payment, consulting services in the area of planning meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences, providing an event specific on-line database featuring meeting, convention, exhibition, seminar, event, tradeshow, and conference registration data, demographics of meeting attendees, and event specific information of interest to attendees and exhibitors, providing a website featuring business information and consumer information relating to the meeting industry.
>
> **Class 39** − Transportation reservation services for attendees and exhibitors of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences; coordinating travel arrangements for attendees and exhibitors of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences; making airline and rental car reservations for attendees and exhibitors of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences.
>
> **Class 41** − Consulting services in the area of planning meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences all for educational purposes; education and training services, namely, providing seminars and training relating to meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences.

**Class 42** − Providing temporary use of non-downloadable software comprising a graphical user interface for searching on-line databases of tradeshow event-specific information.

**Class 43** − Housing inventory management, namely, arranging temporary housing accommodations for attendees and exhibitors of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences; making hotel reservations for attendees and exhibitors of meetings, conventions, exhibitions, seminars, events, tradeshows, and conferences.

14. This application was assigned U.S. Application Serial No. 78/923,769.

15. On September 1, 2006, Conferon officially changed its name to Experient Holding Company Inc. (which later became Experient Inc. on April 27, 2012).

16. Experient Inc.'s customers include governmental agencies, associations, and independent show organizers seeking assistance in the overall execution of conventions and meetings, particularly for large-scale events. Experient Inc. provides a full range of meeting, convention, exhibition, seminar, event, trade show, and conference services.

17. Experient Inc. has two primary divisions: (1) Registration & Housing and (2) Event Management. The Registration & Housing division provides services associated with conference registrations and citywide housing services involving multiple hotels within a city and rents lead retrieval units to exhibitors participating in a trade show associated with the conference to track buyer interest. The Event Management division provides services associated with site selection, hotel contract negotiations, sourcing, event logistics, and attendance-building services. Experient Inc. also includes a smaller Information Technology division to provide various software application services related to the events.

18. Within these divisions, Experient Inc. provides five major families of services: (1) attendance and exhibitor marketing support; (2) business analytics; (3) data management services; (4) procurement services; and (5) measuring return on investment.

19. Experient Inc. does not provide marketing services for consumer brands.

20. Before selecting the Experient name, Conferon conducted extensive research, including hiring a market research firm specializing in rebranding.  Once Conferon narrowed the list of potential names down to four candidates, Conferon conducted trademark searches to ensure the four names were available.  The search identified Defendant only in the domain name search and only in connection with a non-functioning website for "Experient Marketing," a consumer-marketing agency.

**Defendant**

21. On information and belief, Mr. John Leroux, Defendant's founder and President, formed the limited liability company under the laws of the State of Illinois.

22. On information and belief, Defendant initially used the mark EXPERIENT MARKETING.  On information and belief, Defendant subsequently created a logo with the "i" in "experient" called out in green to emphasize connecting to the individual and included its tagline "connecting with consumers."



On information and belief, Mr. Leroux formed Defendant to provide experiential marketing services to customers, *i.e.* marketing services that will be engaging and experiential for the consumer.

23. On information and belief, Defendant created a two-page agency snapshot that included the following captions to illustrate the experiential nature of its services:  Emotional

Marketing, Pragmatic Marketers, Happy Brands, and Successful Programs. The snapshot referred to Defendant as "Experient Marketing." On information and belief, Defendant revised the snapshot to change "Experient Marketing" to "Experient" after July of 2006.

24. On information and belief, Defendant began maintaining a website in 2004 identifying itself as "Experient Marketing," a "boutique marketing agency." By April 21, 2006, this website was a static page with the logo "experient connecting with consumers" and identifying the company as "Experient Marketing." Sometime after Experient Inc. adopted and used the EXPERIENT mark, Defendant updated its website to identify the company as "Experient," replacing "Experient Marketing."

25. Defendant filed U.S. Trademark Application Serial No. 78/974,681 on September 14, 2006, alleging a first use date of February 15, 2002, for "advertising agency services, namely, media buying services, event marketing and promotion services; advertising marketing and promotion services; and business marketing consulting services" in International Class 35 and "[s]pecial event planning and special event planning consultation" in International Class 41.

**Proceedings before the TTAB**

26. On May 15, 2009, Defendant filed an Opposition to Experient Inc.'s U.S. Trademark Application Serial No. 78/923,769 for EXPERIENT. Defendant claimed priority and a likelihood of confusion by Experient Inc.'s use of the EXPERIENT mark. The Opposition was assigned Opposition No. 91190253.

27. During the Opposition, Experient Inc. filed a motion to amend the identification of its statement of services in Classes 35, 39, 41, and 43 to change the word "exhibitions" to

"expositions" and narrowed the statement of services in Classes 35 and 41 to expressly exclude "services relating to consumer marketing or promotional events."

28. The parties engaged in discovery and each party submitted testimony, exhibits, and trial briefs to the TTAB. The TTAB held oral arguments on January 15, 2014.

29. On March 31, 2014, the TTAB issued a decision erroneously sustaining the Opposition and refusing to register Experient Inc.'s EXPERIENT mark. A copy of the decision is attached as Exhibit A.

30. In sustaining Defendant's Opposition, the TTAB found that Defendant established its claim of priority and likelihood of confusion between the parties' marks. In its opinion, the TTAB determined that the parties' marks are legally identical and their services are in-part similar and in-part related and, therefore, confusingly similar.

31. The TTAB's decision to refuse registration under Section 2(d) is incorrect, clearly wrong, manifestly erroneous, not supported by substantial evidence, and arbitrary and capricious. Among other things, there is no likelihood of confusion between (a) the use of EXPERIENT as a brand name for the services identified in Experient Inc.'s application filed on July 6, 2006, and (b) Defendant's use of EXPERIENT up until July 6, 2006. That is, Defendant's use of EXPERIENT up until July 6, 2006, was not of the type and scope to establish rights with which Experient Inc.'s application can fairly be deemed to cause confusion, mistake, or deception under Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)).

## COUNT I

### Appeal of TTAB Decision under 15 U.S.C. § 1071(b)

32. Experient Inc. incorporates the allegations of Paragraphs 1-31 above, as if fully set forth herein.

33. Experient Inc. is dissatisfied with the TTAB's March 31, 2014, final decision.

34. The TTAB erred in ruling that: Defendant's use of the EXPERIENT mark has priority over Experient Inc.'s use of the mark; Defendant's prior use includes the services identified in Experient Inc.'s application; and there is a likelihood of confusion. In addition to the evidence of record in the TTAB proceeding, additional evidence may be considered by the Court for *de novo* consideration.

35. The TTAB's March 31, 2014 decision should be reversed and an order should be entered directing the USPTO to (1) amend Experient Inc.'s Application Serial No. 78/923,769 to revise the description of services consistent with Experient Inc.'s motion to amend filed during the Opposition and (2) grant Experient Inc. registration of the EXPERIENT mark for the amended description of services.

## PRAYER FOR RELIEF

WHEREFORE, Experient Inc. requests the Court to enter an Order:

A. Reversing the TTAB's March 31, 2014, decision in the matter of *Experient, LLC v. Experient, Inc.*, Opposition No. 91190253 under 15 U.S.C. § 1071(b);

B. Amending Experient Inc.'s identification of its statement of services in Classes 35, 39, 41, and 43 to change the word "exhibitions" to "expositions" and narrowing the statement of services in Classes 35 and 41 to exclude "services relating to consumer marketing or promotional events," consistent with Experient Inc.'s motion to amend filed during the Opposition.

C. Issuing an order directing the USPTO to issue registration for U.S. Trademark application Serial No. 78/923,769, as amended; and

D. Granting Experient Inc. such other relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

Under Federal Rule of Civil Procedure 38(b), Experient Inc. respectfully demands a trial by jury on all issues so triable.

Dated: May 29, 2014                             Respectfully submitted,

                                         By: /s/Claudia W. Stangle
                                         John Conklin (#6184670)
                                         Claudia W. Stangle (#6244105)
                                         LEYDIG, VOIT & MAYER, LTD.
                                         Two Prudential Plaza--Suite 4900
                                         Chicago, IL  60601
                                         Telephone:  (312) 616-5600
                                         Facsimile:  (312) 616-5700